IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MELISSA DENT | : | |
| | : | |
| v. | : | Civil Action No. DKC 16-2446 |
| | : | |
| MD SMALL BUSINESS DEVELOPMENT CENTER, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion to dismiss filed by Defendants University of Maryland, College Park and Maryland Small Business Development Center.  (ECF No. 8).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Defendants' motion will be denied in part and granted in part.

## I.   Background

On June 29, 2016, Plaintiff, through counsel, commenced this action against Defendants.  Summonses were issued and electronically provided to counsel for service on June 30.

On October 26, Plaintiff submitted to the Clerk a paper titled "Revocation of Power of Attorney" attesting that she revoked power of attorney to her attorney's firm, Tully Rinckey, PLLC as of October 24 and will be proceeding *pro se*. Subsequently Plaintiff, *pro se*, filed proofs of service for both defendants on October 27 and October 28 (ECF Nos. 6 and 7).

On November 14, Defendants filed the instant motion. Plaintiff, again *pro se*, filed a response in opposition and an amended complaint (ECF Nos. 11 and 10, respectively). The court provided Plaintiff 14 days to supplement her amended complaint with a red-line version pursuant to Local Rule 103.6.c on November 18 and also sent correspondence to Plaintiff's counsel requesting her to advise the court of the status of her representation of Plaintiff (ECF Nos. 12 and 13). Defendants filed a reply on December 1 (ECF No. 14).

Defendants' motion relates that a member of Plaintiff's counsel's firm, Jason Aroz, sent Defendants' counsel a courtesy copy of the complaint via email on July 14 and August 9. The transmittals specifically stated that they were not meant to effectuate service but rather to provide Defendants with a courtesy notice in the event that Defendants wished to engage in preliminary settlement discussions.

## II.  Service of Process

Defendants have moved to dismiss for insufficient service of process under Rule 12(b)(5). Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If the defendants have not been served within this time frame, "the court . . . **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). However, "if the plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period." *Id.*

"Good cause" generally requires the Plaintiff to demonstrate that she exercised "reasonable diligence in trying to effect service." *Jones v. Sears and Roebuck*, No. DKC-15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Circumstances amounting to good cause may be "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a pro se plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defendant in service until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)).

Defendants contend that Plaintiff did not effect service until October 24, 2016, which was 27 days past Rule 4(m)'s 90 day deadline. Plaintiff's response in opposition, filed *pro se*, argues that she consulted and abided by the instructions for filing a civil action found on the court's website which (at the time) advised her that she had 120 days to effect service.[1] She concedes that her attorney did not properly serve Defendants and states that she "took the steps to protect her rights."

---

[1] Fed.R.Civ.P. 4(m) was amended on December 1, 2015 to impose a 90-day timeframe within which to serve. Previous to this amendment, a party was provided 120-days to serve. Upon review of Plaintiff's response, the court researched its instructions on the website and found that its instructions had not been properly updated to reflect the amendment.

Further, she was unaware that her attorney had not withdrawn until the Clerk advised her when she brought paperwork to the courthouse to be filed on October 24.[2]

In the interest of justice and recognizing Plaintiff's *pro se* status, the court will deny the motion to dismiss for untimely service. She acted reasonably promptly to remedy the service issue and was misled by the court's erroneous website information. The brief delay was not prejudicial.

## III. Status of MSBDC

Defendants also request that Defendant MSBDC be dismissed, presumably pursuant to Fed.R.Civ.P. 12(b)(6), because it operates as an entity within the University and is therefore a unit within the University, not a separate entity, and it would be redundant to sue both. Plaintiff appears to dispute some of the assertions made, but then concedes that suing it as a separate entity is not necessary. Accordingly, MSBDC will be dismissed as a defendant.

## IV. Conclusion

For the foregoing reasons, Defendant's motion will be denied in part and granted in part. A separate order will follow.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Plaintiff's counsel has now filed a motion to withdraw as counsel, which will be granted. The motion recites that counsel has not performed any services with regard to this case since June.